UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,       )
                                )
          Plaintiff,            )
                                )
          v.                    )   Criminal  Action No. 92-26-1 (RCL)
                                )   Civil No. 06-228 (RCL)
                                )
CHEVALIER THOMPSON,             )   **FILED**
                                )
          Defendant.            )   NOV 1 8 2008
                                )
                                    Clerk, U.S. District and
                                    Bankruptcy Courts

## MEMORANDUM OPINION

Pending before the Court is petitioner Thompson's motion [111] pursuant to 28 U.S.C. §

2255 to vacate his conviction and sentence and the United States' motion [114] to dismiss

petitioner's motion as time-barred.  After reviewing the petitioner's motion, the United States'

motion [114], the petitioner's response [116] and supplement [117], the entire record herein, and

applicable law, the Court will GRANT the United States' motion [114] to dismiss.  Accordingly,

petitioner's  § 2255 motion [111] will be DENIED as moot.


I.    **BACKGROUND**

On January 16, 1992, the petitioner was indicted for distribution of cocaine base and

possession with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1),

(b)(1)(A)(iii), and (b)(1)(C).  (Gov't Mot. 1–2.)  Following a jury trial, the defendant was

convicted of the charges.  *Id.*  This Court sentenced the petitioner as a career offender because he

had two previous felony convictions, and also gave the defendant a two point reduction because

1

of his trial counsel's failure to inform him before trial that he qualified as a career offender under the applicable sentencing guidelines.  (*Id.* at 2–3.)  On appeal, the Court of Appeals affirmed defendant's conviction but remanded for sentencing to determine whether defendant was entitled to a third point reduction because he hypothetically would have entered an early plea of guilty had he known that he qualified as a career offender. 27 F.3d 671, 677–79 (D.C. Cir. 1994).  On resentencing, this Court granted the petitioner a third point reduction and re-sentenced him to concurrent prison terms of 300 months, six years of supervised release, and $100 in special assessments.  (*Id.* at 3); *United States v. Thompson*, 917 F. Supp. 22 (D.D.C. 1996).  The defendant appealed the new sentence but the Court of Appeals dismissed the appeal on the defendant's motion on August 15, 1997.  (Gov't Mot. 3; Docket entry [110]).  The petitioner filed this *pro se* § 2255 motion asking the Court to vacate his conviction and sentence on February 6, 2006. (Docket entry [111].)

## II.    ANALYSIS

### A.    Legal Standard for Motions under § 2255

Section 2255 permits a prisoner serving a federal sentence to move the court to "vacate, set aside, or correct the sentence." 28 U.S.C. § 2255.  Section 2255 authorizes the sentencing court to discharge or resentence a prisoner if the court concludes that it was without jurisdiction to impose the sentence, the sentence was in excess of the maximum authorized by law, or the sentence is otherwise subject to collateral attack.  *Id.*  Relief under section 2255 is an extraordinary remedy and is generally only granted "if the challenged sentence resulted from 'a fundamental defect which inherently results in a complete miscarriage of justice,' or 'an omission

2

inconsistent with the rudimentary demands of fair procedure.'" *United States v. Pollard*, 959

F.2d 1011, 1020 (D.C. Cir. 1992) (citations omitted).  The defendant carries the burden of

sustaining his contentions by a preponderance of evidence.  *United States v. Simpson*, 475 F.2d

934, 935 (D.C. Cir 1973).

### B.    Defendant's Motion is Time-Barred

Section 2255 has a one-year limitation period, which runs from the latest of:

1) the date on which the judgment of conviction becomes final;
2) the date on which the impediment to making a motion created by governmental
action in violation of the Constitution or laws of the United States is removed, if the
movant was prevented from making a motion by such government action;
3) the date on which the right asserted was initially recognized by the Supreme Court,
if that right has been newly recognized by the Supreme Court and made retroactively
applicable to cases on collateral review; or
4) the date on which the facts supporting the claim or claims presented could have
been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In this case, the petitioner's conviction became final no later than November 14, 1997.

*See Clay v. United States*, 537 U.S. 522, 527 (2003) (stating that a conviction becomes final

when the Supreme Court "affirms [the] conviction on the merits on direct review or denies a

petition for a writ of certiorari, or when the time for filing a certiorari petition expires").

However, the petitioner urges the Court to allow his February 6, 2006 motion and vacate his

sentence on the basis of § 2255(f)(3).  Petitioner argues that his motion is timely because it was

made within one year of the Supreme Court's decision in *Shepard v. United States*, 544 U.S. 13

(2005); he asserts that his sentence was imposed in violation of a right recognized in that

decision.

In *Shepard*, the Supreme Court stated that courts could not consult certain types of

3

documents, including police reports, as a basis for finding someone a career offender and imposing an enhanced sentence. 544 U.S. 13, 16 (2005). Petitioner, based on *Shepard*, makes contradictory arguments in support of his claim that he is entitled to relief and his motion is not time-barred. First, he argues that his motion is timely under § 2255(f)(3) because it was filed within a year of *Shepard*, which recognized a new right that applies retroactively to cases on collateral review. In the alternative, the petitioner argues that the decision in *Shepard* does not recognize a new right but instead merely clarifies an existing right that existed at the time of his sentencing—therefore, he argues that he need not show that retroactivity. Both of petitioner's theories are deficient in key respects.

With respect to the petitioner's first theory, even if the Court assumes that *Shepard* announced a new right, petitioner still must show that the new right applies retroactively to cases on collateral review. 28 U.S.C. §2255(f)(3). The petitioner has failed to make that showing in this case. The Supreme Court in *Shepard* did not state that the decision would apply retroactively to cases on collateral review and numerous federal courts have in fact held that it does not. *Corey v. United States*, 221 Fed. Appx. 1 (1st Cir. 2007) (unpublished); *United States v. Armstrong*, 151 Fed. Appx. 155, 157 (3d Cir. 2005) (unpublished); *United States v. Davis*, 133 Fed. Appx. 916 (4th Cir. 2005) (unpublished). Although this Circuit has not addressed whether *Shepard* applies retroactively, "every other Circuit that has addressed the issue has held that it does not apply retroactively" *Rosario v. United States*, No. 07-8260, 2008 WL 1700213, at *3 (S.D.N.Y. Apr. 11, 2008). These holdings make sense because even assuming that *Shepard* announced a new rule, it did not announce a "watershed rule" that "implicat[es] the fundamental fairness and accuracy of [a] criminal proceeding," which is a requirement for applying rules of

4

criminal procedure[1] retroactively. *Schriro v. Summerlin*, 542 U.S. 348, 352 (2004). Instead, *Shepard* deals with what materials can be consulted when making a determination to enhance a sentence and resembles the decision governing sentencing rules announced in *United States v. Booker*, which has similarly been held not to apply retroactively to cases on collateral review. *United States v. Branham*, 515 F.3d 1268, 1278 (D.C. Cir. 2008) (citing *In re Fashina*, 486 F.2d 1300, 1303 (D.C. Cir. 2007)). Accordingly, since *Shepard* does not apply retroactively to cases on collateral review, petitioner's motion does not fall within the third prong of § 2255(f). It falls instead within the first prong (§ 2255(f)(1)), which states that a § 2255 motion must be filed within one-year of the date that the conviction becomes final; since petitioner's motion was not, it is time-barred.

In the alternative, and paradoxically, the petitioner argues that *Shepard* does not announce a new right but is instead "a clarification and extension of the rule originally announced in *Taylor v. United States*, 495 U.S. 595 (1990)." (Pet. Mem. 3.) While this argument, if true, would allow the petitioner to avoid the third prong of § 2255(f)(3)'s requirement that a rule must be retroactive to cases on collateral review, it would also mean that the right announced in *Shepard* was not "new." Therefore, once again, his motion would not fall under § 2255(f)(3), because that prong requires that a case announce a "newly recognized" right *and* be "retroactively applicable to cases on collateral review." § 2255(f)(3). Without meeting both of these requirements, petitioner's motion falls under § 2255(f)(1), which requires a petitioner to file a motion within one year of the date his conviction becomes final.

---

[1]The rule recognized in *Shepard* is procedural, not substantive, because it does "not produce a class of persons convicted of conduct the law does not make criminal." *Schriro v. Summerlin*, 542 U.S. 348, 352 (2004).

5

In summary, petitioner's first theory is deficient in that he fails to show that *Shepard* applies retroactively to cases on collateral review, while his second theory is deficient in that petitioner admits that *Shepard* did not recognize a new right.[2] Regardless of which incarnation of petitioner's argument that the Court accepts, he cannot prevail under § 2255(f) as his motion is barred as a matter of law by the one-year limitations period.[3]

III.   **CONCLUSION**

For the reasons set forth in this opinion, the Court finds that petitioner Thompson's motion is time-barred. Accordingly, the United States' motion [114] to dismiss his motion will be GRANTED. Petitioner's motion [111] will be DENIED as moot. His motion [115] to treat his § 2255 motion as unopposed because the United States was one day late in filing its response

---

[2]The petitioner also asserts in his response that his motion is not time-barred because government action prevented him from filing his motion until 2006. § 2255(f)(2); (Pet.'s Resp. 9.) This allegation appears to be completely baseless and the Court can ascertain no possible way in which Thompson's motion was impeded by government action.

[3]Since petitioner's motion is time-barred, the Court need not reach the merits of his claims. However, were the Court to reach the merits, it appears the petitioner would not prevail. Petitioner claims that his sentence was imposed in violation of *Shepard* because the presentence report used in his sentencing referred to police reports related to his earlier convictions. However, the petitioner has presented no evidence that the Court relied on these police reports in finding him a career offender. In fact, it does not appear that the petitioner even challenged the fact of his prior convictions at the time of sentencing. (*See* Gov't Mot. 9.) While petitioner challenged the constitutionality of the guidelines themselves and the "career offender" scheme, he did not challenge the fact that he had two prior felony convictions. (*Id.*)

(the motion to dismiss) is also DENIED.[4]


A separate order shall issue this date.

SO ORDERED.


_Royce C. Lamberth_                    _11/18/08_

Chief Judge Royce C. Lamberth              Date

---

[4]*See* Local Rule 47(b) ("If [] a memorandum is not filed within the prescribed time, the Court *may* treat the motion as conceded") (emphasis added). In this case, the petitioner was not prejudiced in any way by the government's one-day delay.